ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HOURIA OURZDINE,

Plaintiff,

-against-

MACY'S, INC. 401(k) RETIREMENT INVESTMENT PLAN and PENSION & PROFIT SHARING COMMITTEE,

Defendants.

Case No. 26-cv-05563-PCG

COMPLAINT UNDER ERISA
29 U.S.C. § 1132(a)(1)(B)

RECEIVED IN PRO SE OFFICE
SEP 08 2026

Plaintiff Houria Ourzdine, appearing pro se, alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA") concerning a disputed distribution from the Macy's, Inc. 401(k) Retirement Investment Plan (the "Plan").

2. Defendants contend that Plaintiff's 401(k) account was distributed on July 14, 2009. Plaintiff unequivocally denies that she requested or authorized that distribution and denies receiving, endorsing, cashing, depositing, negotiating, or otherwise obtaining the proceeds of the check Defendants identify with that transaction.

3. Plaintiff seeks to recover benefits due under the terms of the Plan, enforce her rights under the Plan, and obtain such other relief as the Court determines appropriate under ERISA.

## II. JURISDICTION AND VENUE

4. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and jurisdiction under ERISA, including 29 U.S.C. § 1132(e) and (f).

5. Plaintiff resides in Queens County, New York. Venue is proper in the Eastern District of New York under 29 U.S.C. § 1132(e)(2) because Plaintiff resides in this District and the alleged failure to pay benefits affects Plaintiff here.

## III. PARTIES

6. Plaintiff Houria Ourzdine is a former Bloomingdale's employee and a participant or former participant in the Macy's, Inc. 401(k) Retirement Investment Plan.

7. Defendant Macy's, Inc. 401(k) Retirement Investment Plan is the employee benefit plan at issue.

8. Defendant Pension & Profit Sharing Committee is the Committee that issued the August 26, 2026 Final Determination of Appeal and identified itself as the named fiduciary responsible for reviewing benefit claim appeals under the Plan. To the extent the governing Plan documents identify a different or additional proper plan administrator, trustee, or entity exercising control over benefit determinations, Plaintiff requests leave to conform the caption and allegations accordingly.

## IV. DISPUTED JULY 14, 2009 401(k) DISTRIBUTION

9. Macy's states that on July 14, 2009 a distribution of $8,417.27 gross was made from Plaintiff's 401(k), with $1,683.45 withheld for federal income tax and check no. 36658981 issued for $6,733.82 net.

10. Plaintiff never requested or authorized the July 14, 2009 distribution.

REC'D IN PRO SE OFFICE
SEP 9 '26 AM9:27

11. Plaintiff never received check no. 36658981 and never endorsed, cashed, deposited, negotiated, or otherwise received its proceeds.

12. Macy's has stated that 401(k) distributions during that period were processed by telephone. Plaintiff has repeatedly requested evidence showing that she personally made or authorized such a telephone request.

13. The materials provided to Plaintiff have not included a telephone recording, call log establishing Plaintiff as the caller, representative notes establishing authorization, authentication record, signed distribution request, or other comparable contemporaneous proof that Plaintiff personally requested the disputed 2009 distribution.

14. Macy's has relied in part on the fact that check no. 36658981 does not appear on stale or uncashed-check lists and on information from Bank of New York, which Macy's identifies as the paying agent in 2009, to conclude that the check was cashed or deposited by Plaintiff.

15. Plaintiff has never had a personal account or banking relationship with Bank of New York. Plaintiff acknowledges that Bank of New York may have acted as a paying agent for the Plan; Plaintiff does not allege that Bank of New York was her personal bank.

16. Plaintiff has repeatedly requested the front and back of the negotiated check, any endorsement, the identity of the financial institution through which it was negotiated, the negotiation or payment date, clearing or deposit information, and other evidence showing who received the proceeds.

17. Plaintiff has not been provided with a negotiated check bearing her endorsement or banking evidence establishing that the proceeds were deposited into an account belonging to her.

18. Macy's states that the alleged check was mailed to Plaintiff's then-current address at 83-11 139th Street, Apt. 5C, Briarwood, New York 11435. Plaintiff does not dispute that this was her correct address, but she never received the alleged 2009 check. Plaintiff has used the same long-established mailing address and building mailbox for important financial mail and checks for decades.

## V. SEPARATE 2011 PENSION TRANSACTION

19. The disputed 2009 401(k) distribution is separate from Plaintiff's 2011 Macy's, Inc. Cash Account Pension Plan transaction.

20. Plaintiff acknowledges the retirement distribution that she actually requested and received. At that time, Plaintiff was unemployed and needed the money to help pay her mortgage and building maintenance expenses while she sought new employment.

21. Rather than borrow money from another person or from a bank, Plaintiff deliberately chose to use retirement funds belonging to her. Plaintiff requested that pension benefit, completed the required election paperwork, and received the payment.

22. Plaintiff signed pension election documentation dated February 24, 2011. Macy's possesses documentation bearing Plaintiff's signature in connection with that separate transaction.

23. After Plaintiff obtained new employment, she no longer had the same financial need to access her remaining retirement funds and had no reason to request another distribution. Plaintiff understood the remaining retirement benefit would remain available until she chose to access it, regardless of when she chose to do so.

24. The documented authorization for Plaintiff's 2011 pension transaction contrasts with the absence of comparable authorization evidence provided to her for the disputed 2009 401(k) transaction.

## VI. 2025 BENEFIT INQUIRIES AND CONTEMPORANEOUS NOTES

25. In 2025, while pursuing the remaining retirement benefit, Plaintiff repeatedly contacted Merrill and Macy's and made contemporaneous handwritten notes of those communications, including dates,

telephone numbers, names where recorded, amounts discussed, and information provided by representatives.

26. Plaintiff recalls that on February 20, 2025, during her first call to Merrill concerning this matter, she spoke with a pension specialist identified in her notes as Sandy. Sandy told Plaintiff that the money was there.

27. Plaintiff recalls that on July 10, 2025, she spoke with a Merrill representative identified in her contemporaneous notes as Sandford. Sandford told Plaintiff that her money was there and that Merrill needed Macy's approval before the funds could be released. During that same telephone call, Sandford told Plaintiff that he was preparing the request to Macy's for her and, while Plaintiff remained on the telephone, told her that he had sent the request.

28. Sandford told Plaintiff to wait for Macy's to send her paperwork and that it would take approximately two weeks. Plaintiff waited, but approximately two weeks passed, then three weeks, and eventually approximately one month passed without the expected paperwork or payment. Plaintiff therefore began calling Merrill again.

29. During one of those subsequent calls, Plaintiff recalls that a Merrill representative instructed her to go to benefits.ml.com and create a user ID so that she could view her 401(k) information.

30. Plaintiff continued following up because she still had not received the expected paperwork or payment. On September 5, 2025, at approximately 4:39 p.m., Plaintiff again spoke with Sandy. Plaintiff recalls that Sandy said she remembered Plaintiff and asked whether Plaintiff had received anything. When Plaintiff told her that she had not, Sandy said she would check on the matter and send Macy's a reminder.

31. During these communications, Merrill representatives consistently informed Plaintiff that her money was there. Plaintiff's contemporaneous handwritten notes identify representatives including Sandy and Sandford and document her communications concerning those funds.

32. After these communications, Merrill representatives began directing Plaintiff to address the matter with Macy's.

33. Plaintiff alleges that these 2025 communications and the records underlying them require reconciliation with Macy's position that the disputed 401(k) benefit had already been fully distributed and received by Plaintiff in 2009.

## VII. ADMINISTRATIVE CLAIM AND APPEAL

34. Plaintiff pursued the Plan's administrative process and submitted a formal ERISA claim dated June 23, 2026 disputing the alleged July 14, 2009 distribution.

35. Plaintiff requested documentary evidence concerning check no. 36658981, the alleged telephone authorization, and the alleged receipt or negotiation of the disputed distribution.

36. Macy's denied Plaintiff's claim. Plaintiff pursued an appeal.

37. On August 26, 2026, the Pension & Profit Sharing Committee issued a Final Determination of Appeal denying Plaintiff's appeal and stating that Plaintiff had the right to bring a civil action under ERISA § 502(a).

38. On August 29, 2026, following the final adverse determination, Plaintiff sent a written ERISA document request and demand for the complete administrative record, including Plan documents, any contractual limitations provision, records concerning the alleged 2009 distribution, telephone or authentication records, records exchanged with Bank of New York or Merrill, and records concerning Plaintiff's 2025 benefit inquiries. Plaintiff also requested preservation of relevant evidence.

39. Plaintiff has exhausted the administrative claim and appeal process to the extent required.

## VIII. CLAIM FOR RELIEF - ERISA § 502(a)(1)(B)

40. Plaintiff repeats and realleges the preceding paragraphs.

41. Plaintiff is a participant or beneficiary entitled to invoke ERISA's civil-enforcement provisions.

42. The determination that the disputed 2009 benefit was properly paid to Plaintiff is unsupported by adequate evidence demonstrating that Plaintiff requested, authorized, received, endorsed, deposited, cashed, or negotiated that distribution.

43. Plaintiff seeks recovery of any benefits due to her under the terms of the Plan and enforcement and clarification of her rights under the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B).

## IX. RELIEF REQUESTED

**WHEREFORE, Plaintiff respectfully requests that the Court:**

A. Review the Plan's final adverse benefit determination under the standard of review required by ERISA and the governing Plan documents;

B. Determine that Plaintiff is entitled to any unpaid benefits due under the terms of the Plan, including the disputed 2009 401(k) benefit if the Court determines it was not properly paid to Plaintiff;

C. Order payment of benefits and other relief necessary to enforce Plaintiff's rights under the Plan;

D. Award prejudgment interest, costs, and any other relief permitted by ERISA and applicable law; and

E. Grant such other and further relief as the Court deems just and proper.

Dated: 09/06/2026.

Respectfully submitted,

Houria Ourzdine, Pro Se
Signature: Houria OurZDine.
83-11 139th Street, Apt. 5C
Briarwood, New York 11435
Telephone: 917-280-0237
Email: OURY7@Aol.com.

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

HOURIA OURZDINE

*Plaintiff(s)*

v.

Macy's, Inc. 401 (K) Retirement Investment Plan
Pension & profit sharing committee

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Macy's, Inc. 401(K) Retirement Investment Plan
c/o Macy's, Inc., Plan Administrator
145 Progress place Springdale, OH 45246

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

HOURIA OURZDINE
83-11 139th Street Apt 5C
Briarwood, NY 11435

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ______________ ______________________________

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________

was received by me on *(date)* ______________ .

☐ I personally served the summons on the individual at *(place)* ______________________

______________________ on *(date)* ______________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________

______________________ , a person of suitable age and discretion who resides there,

on *(date)* ______________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ______________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ______________

______________________ on *(date)* ______________ ; or

☐ I returned the summons unexecuted because ______________________ ; or

☐ Other *(specify)*:

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print Save As... Reset

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| HOURIA OURZDINE<br>*Plaintiff(s)*<br>v.<br>Macy's Inc. 401(K) Retirement investment Plan<br>Pension & profit sharing committee<br>*Defendant(s)* | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Pension & Profit sharing committee
145 Progress place springdale, OH 45246

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

HOURIA OURZDINE
83-11 139th Street, Apt 5C
Briarwood, NY 11435

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________

was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________

______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________

______________________ , a person of suitable age and discretion who resides there,

on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ______________

______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print | Save As... | Reset

## PART A - CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration [NO]

I, ______________________________, counsel for ______________________, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- [ ] monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,
- [x] the complaint seeks injunctive relief, or
- [x] the matter is otherwise ineligible for the following reason:

"plaintiff is proceeding prose."

## PART B - DISCLOSURE STATEMENT - FEDERAL RULES of CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

## PART C - RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## PART D - NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you* ***must select Office Code 2****.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County? [NO]
2. In actions not involving real property, is the action being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County? [NO]
3. If you answered "No" to all parts of Questions 1 and 2:
   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County? [NO]
   b. Do the majority of defendants reside in Nassau or Suffolk County? [NO]
   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County? [NO]
4. If this is a Fair Debt Collection PracticeAct case, was the offending communication received in either Nassau or Suffolk County? [NO]
   (*Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts*).

## PART E - BAR ADMISSION

1. I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court. [NO]

   If you answered No to E(1), please see instructions and Local Civ. R. 1.3.

2. Are you currently the subject of any disciplinary action (s) in this or any other state or federal court? [NO] If yes, please explain:

## PART F - IMMIGRATION HABEAS

1. Is this petition based on an immigration detention? [NO]
2. Does this case require immediate attention of a judge? [NO]

**Check Form to Validate Before Signing**

If you answered Yes in Part F, and are filing this action after business hours, please see instructions here: https://www.nyed.uscourts.gov/emergency-applications-filed-after-business-hours.

I certify the accuracy of all information provided above.

**Signature:** HOURIA OURZDINE  Date: 09/06/2026

Revised 7.16.2026; Effective 7.16.2026

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

HOURIA OURZDINE

**(b)** County of Residence of First Listed Plaintiff: Queens
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

Macy's Inc. 401(k) Retirement investment Plan and Pension & profit sharing committee

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee *
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***: 29 U.S.C § 1132 (a) (1) (B)

Brief description of cause: claim for benefits under ERISA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

* Please respond to Part F on Page 2

**PAGE ONE OF TWO - PLEASE CONTINUE TO PAGE TWO**